**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ERIK MCMILLAN, | : | |
| Petitioner, | : | Civil No. 11-1586 (JLL) |
| v. | : | **OPINION** |
| GREG BARTKOWSKI, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

**ERIK MCMILLAN**, Petitioner pro se
# 366709B
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

**MICHELLE JASMINE GHALI**, Counsel for Respondents
Union County Prosecutor's Office
32 Rahway Avenue
Elizabeth, New Jersey 07202

**LINARES**, District Judge

Petitioner Erik McMillan, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Michelle Ricci and the Attorney General of New Jersey. This matter is presently before the Court pursuant to Petitioner's submission of an application/petition to stay this matter in order to allow him to exhaust certain claims in state court. (Docket Entry No. 8.) For the reasons stated herein, the application must be denied.

**I. BACKGROUND**

On March 18, 2011, Petitioner Erik McMillan ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet., Docket Entry No. 1.) Petitioner raises the following grounds for relief in his petition:

> Ground One: Petitioner was deprived of his due process right to fundamental fairness when the State was not barred from retrying Petitioner a fourth time when (a) the indictment was not dismissed after the mistrial of the first trial; (b) the prosecutor did not exercise sufficient diligence to control his witness to prohibit testimony in conflict with the court's order sanitizing the prospective testimony; and (c) there were readily available alternatives to a mistrial;
>
> Ground Two: Petitioner was deprived of his due process right to fundamental fairness when the indictment was not dismissed after the trial court warned that it would be dismissed if the error reoccurred during the retrial, and the error did in fact recur when witness used the term robber during Petitioner's second trial;
>
> Ground Three: The state court's ruling that Petitioner was not deprived of his sixth amendment constitutional right to confrontation when the Court allowed Akcasoy's testimony to be read during Petitioner's second trial was contrary to clearly established federal law.
>
> Ground Four: The state court's ruling that Petitioner was not deprived of his due process right to a fair trial by the introduction of Petitioner's mug shot was contrary to clearly established federal law.
>
> Ground Five: The state court's ruling that Petitioner was not deprived of his due process right to a fair trial by the trial court's charge to the jury on identification which was improper and incomplete was contrary to clearly established federal law.
>
> Ground Six: The state court's ruling that Petitioner was not deprived of his due process right to a fair trial by the cumulative effect of the improper instructions

regarding inconsistent statements and alibi was contrary to clearly established federal law.

Ground Seven: The state court's ruling that Petitioner was not deprived of is due process right to a fair trial by the trial court's handling of the jury's request for a read-back was contrary to clearly established federal law.

Ground Eight: The state court's ruling that Petitioner was not deprived of his due process rights to a fair trial by the prosecutor's improper comments in his opening arguments before the jury was contrary to clearly established federal law.

Ground Nine: The state court's ruling that Petitioner was not deprived of his due process right to a fair trial by the failure of the trial court to give a cross-racial identification charge was contrary to clearly established federal law.

Ground Ten: The state court's ruling that Petitioner was not deprived of his of [sic] Sixth Amendment constitutional right by the incorrect jury instructions was contrary to clearly established federal law.

Ground Eleven: The state court's ruling that Petitioner was not deprived of his right to due process by being denied an expert on custodial interrogations was contrary to clearly established federal law.

Ground Twelve: The state court's ruling that Petitioner was not placed in double jeopardy was contrary to clearly established federal law.

Ground Thirteen: The state court's ruling that Petitioner was not deprived of his Sixth Amendment right to effective assistance of counsel by the deficient representation during plea negotiations was contrary to clearly established federal law.

Ground Fourteen: The state court's ruling that Petitioner was not deprived of his Sixth Amendment constitutional right to effective assistance of counsel by the failure to properly investigate and provide an expert to support Petitioner's contention that his statements to Office [sic] Davis were involuntary as he did not properly waive

his Miranda rights was contrary to clearly established federal law.

Ground Fifteen: The state court's ruling that Petitioner was not deprived of his Sixth Amendment constitutional right to effective assistance of counsel by the failure to request that the court give a cross racial identification charge to the jury was contrary to clearly established federal law.

Ground Sixteen: The state court's ruling that Petitioner was not deprived of his Sixth Amendment constitutional right to effective assistance of counsel by the failure to adequately investigate and properly object to victim's being declared unavailable and having his prior testimony read to the jury was contrary to clearly established federal law.

Ground Seventeen: The state court's ruling that Petitioner was not deprived of his Sixth Amendment constitutional right to effective assistance of counsel by the failure of not moving for a new trial at some point during or even after the conclusion of the third trial on the basis of prosecutorial misconduct or the court's finding the key witness unavailable was contrary to clearly established federal law.

Ground Eighteen: The state court's ruling that Petitioner was not deprived of his Sixth Amendment constitutional right to effective assistance of appellate counsel by the failure to adequately examine the record [or] raise meritorious claims was contrary to clearly established federal law.

Ground Nineteen: The state court's ruling that Petitioner was not deprived of his Sixth Amendment constitutional right to effective assistance of counsel by the failure to properly advise Petitioner of the risks of going before a jury vice accepting a plea bargain involving a bench trial was contrary to clearly established federal law.

Ground Twenty: The state court's ruling that Petitioner was not deprived of his constitutional right to due process by the failure of the court to unseal the plea bargain records of the co-defendant in support of Defendant's claim of disparate sentences and that the state failed to disclose the said plea offer of the co-

defendant was contrary to clearly established federal law.

On June 22, 2011, this Court entered an order advising Petitioner of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000) and giving him forty-five days to advise the Court as to how he would like to proceed. (Mason Notice, Docket Entry No. 2.) Petitioner responded, stating that he would like his petition to be ruled upon as filed. (Mason Response, Docket Entry No. 3.) On September 6, 2011, the Court ordered Respondents to file an answer to the petition. (Order to Answer, Docket Entry No. 4.) On October 7, 2011, Petitioner filed a "Notice of Motion for a Stay and Abeyance" to allow Petitioner to return to state court to "exhaust a motion for a new trial based on newly discovered evidence, i.e. an affidavit which supports a claims [sic] of prosecutorial misconduct." (Pet'r's Mot. Stay, Docket Entry No. 7.) On October 18, 2011, Respondents filed their Answer to the Petition. (Res't's Answer, Docket Entry No. 9-11.) On December 2, 2011, Petitioner filed a request for an extension of time to file his traverse until after the Court ruled upon his request for a stay. (Docket Entry No. 13.) On December 6, 2011, Respondents filed opposition to this request and Petitioner's request for a stay because Petitioner failed to provide any supporting affidavits indicating his basis for a stay. (Res't's Opp'n to Stay, Docket Entry No. 14.) On December 15, 2011, Petitioner responded to this argument, stating that he

is requesting a stay "to pursue a motion for a new trial in state court based on newly discovered evidence concerning the plea bargain received by the co-defendant. (Pet'r's Reply to Stay, Docket Entry No. 15.)

## II. DISCUSSION

### A. Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State,

> within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
> ...

28 U.S.C. § 2254.

As noted above, state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 5 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997)(finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert, 134 F.3d at 513 (collateral attack in state court is not required if the

petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).

The petitioner generally bears the burden of proving all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the same claims asserted in the federal habeas petition. Picard, 404 U.S. at 276. Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same. Id. at 277. Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Rose v. Lundy, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a

finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies"). But see Christy v. Horn, 115 F.3d 201, 206-07 (3d Cir. 1997) ("in rare cases exceptional circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim"). More recently, because the one-year statute of limitations enacted by AEDPA is not statutorily tolled by the premature filing of a federal habeas petition, see Duncan v. Walker, 533 U.S. 167 (2001), federal courts sometimes may stay § 2254 habeas proceedings to permit prisoners to exhaust state claims. Petitioner has requested such a stay.

**B. Analysis**

Petitioner has asked this Court for a stay of these proceedings so that he can exhaust, in state court, an undescribed claim of prosecutorial misconduct.

As noted above, the exhaustion requirement is a "total exhaustion" rule; that is, all claims presented in the federal habeas petition must have been exhausted in state court. Rose v. Lundy, 455 U.S. 509 (1982). At the time Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[1] however, "'has altered the

[1] See 28 U.S.C. § 2244(d).

context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir. 2001)). Because of the one year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151. Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that

> the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. ... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

Here, it appears that the claim Petitioner wishes to pursue is not one that is contained in the current petition. Rather, it appears that the claim is new. However, the only information Petitioner provided about this potential new claim in his original request for a stay is that he wishes to return to state

court to "exhaust a Motion for a New Trial Based on Newly Discovered Evidence, i.e. an affidavit which supports a claims [sic] of prosecutorial misconduct." (Pet'r's Mot. Stay, Docket Entry No. 7.) Even after Respondent pointed out Petitioner's failure to provide any information on the claim, Petitioner provided only slightly more information in his reply, stating that the request for the stay is so he can "pursue a motion for a new trial in State court based on newly discovered evidence concerning the plea bargain received by the co-defendant." (Pet'r's Reply to Stay, Docket Entry No. 15.) As such, Petitioner has failed to demonstrate good cause for his failure to exhaust the claim with respect to which he seeks a stay. Though he states that it is "newly discovered" evidence, Petitioner provides no information as to when it was discovered. Nor has Petitioner provided this Court with any evidence suggesting that the unexhausted claims are "potentially meritorious." To the contrary, he has failed to describe them at all other than the fact that it relates to his co-defendant's plea bargain. Even after being advised of his failure by Respondents, Petitioner still did not provide sufficient information to allow the Court to conclude that his claim is potentially meritorious. Under these circumstances, this Court cannot find that it would be appropriate to stay this proceeding

in order to permit Petitioner to return to state court to pursue his unexhausted new claim.

Since the petition as filed by Petitioner and answered by Respondents does not contain this new, unexhausted claim, it is unnecessary for the Court to grant Petitioner leave to advise the Court whether he wishes to withdraw any unexhausted claims and proceed with only the exhausted claims rather than face dismissal without prejudice as a mixed petition. Therefore, the Court will grant Petitioner sixty days from the date of this opinion to submit any reply to Respondent's Answer to the Petition. Petitioner's motion for an extension of time to file a reply (Docket Entry No. 13) is hereby dismissed as moot.

**III. CONCLUSION**

For the reasons set forth above, Petitioner's request for a stay of this proceeding is denied. An appropriate order follows.

Dated:

JOSE L. LINARES
United States District Judge